IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY MCKENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 5-1604 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 14). Both parties have filed briefs in support of their Motions. (Docket Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 14).

## OPINION
## AND
## ORDER OF COURT

### I.   BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under

the Social Security Act ("Act"). 42 U.S.C. §§405g and 1383(c)(3). In February of 2004, Plaintiff filed her third application[1] alleging that she was disabled since October of 2002 due to diabetes, disc disease and her thyroid. (R. 314-15, 708). Administrative Law Judge Raymond J. Zadzilko held a hearing on August 9, 2005, at which time Plaintiff, who was represented by counsel, and a vocational expert testified. (R. 734-67). On August 16, 2005, the ALJ found that Plaintiff is not disabled. (R. 18-25). After exhausting his administrative remedies, Plaintiff filed this action. The parties have filed cross-motions for summary judgment. (Docket Nos. 10 and 14).

II.     **LEGAL ANALYSIS**

   A.     **Standard Of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is

---

[1] Plaintiff filed two previous applications for benefits both of which were denied. (R. 50, 258-66, 311, 698, 281-84, 703-06). Both decisions are now final and not open for reconsideration. 20 C.F.R. §416.988.

supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security disability benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). *Dobrowolsky,* 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant

3

can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Weighing Medical Evidence

The essence of Plaintiff's argument is that the ALJ failed to give proper weight to the assessment of the treating specialist, Dr. Russell V. Gilchrist. (Docket No. 11, pp. 6-15). "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir.2000), *quoting, Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, a treating physician's opinion receives controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. §404.1527(d)(2). Thus, the ALJ can provide more or less weight to the diagnosis depending upon supporting explanations. *Plummer*, 186 F.3d at 429. Stated another way, a treating physician's opinion is not always entitled to controlling weight. Rather, the treating physician's opinion must be well supported by medical techniques and consistent with his treatment. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). In deciding the weight to be given to any medical opinion evidence, the ALJ must consider the examining relationship, treating relationship, supportability, consistency,

specialization and other factors that tend to support or contradict opinion evidence. 20 C.F.R. §404.1527.

Here, Plaintiff argues that the ALJ failed to give great weight to the opinion evidence of Dr. Gilchrist. Specifically, Plaintiff suggests that the ALJ did not explain why he rejected some of Dr. Gilchirst's conclusions. (Docket No. 11, p. 12-13). Plaintiff, however, does not point to what evidence, in particular, that the ALJ supposedly rejected. *See,* Docket No. 11. Thus, I am left with trying to guess what the Plaintiff believes the ALJ failed to consider and failed to specifically reject. After a review the ALJ's opinion and the medical evidence of Dr. Gilchrist, I find that the ALJ properly considered and weighed the records of Dr. Gilchrist. (R. 23, 576-614, 624-48, 649-51). Further, I find that he accepted the assessment of Dr. Gilchrist and included the functional limitations identified by Dr. Gilchrist dated May 2, 2005, in his assessment. (R. 23, 650-51). Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY MCKENDRICK, | ) |
| Plaintiff, | ) ) ) ) |
| -vs- | ) ) ) Civil Action No. 5-1604 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

## ORDER OF COURT

THEREFORE, this 7th day of November 2006, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

The above-captioned case shall be mark "CLOSED" **forthwith**.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U.S. District Judge